UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| J & J Sports Productions, Inc., | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Case No. 16-CV-188-JED-TLW |
| v. | ) |
| Christina Miranda, Individually and d/b/a La Revancha Bar, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

The Court has for its consideration plaintiff's Motion for Default Judgment and Brief in Support (the "Motion") (Docs. 15, 16). For the reasons discussed herein, the Court finds that the Motion should be granted in part and denied in part.

**I.   Background**

Plaintiff's Complaint alleges defendant Christina Miranda to be the owner, operator, and manager of a commercial establishment, La Revancha Bar, located in Tulsa, Oklahoma. (Doc. 2, ¶¶ 5-6). On April 12, 2014, *"Toe to Toe" Manny Pacquiao v. Timothy Bradley, II WBO Welterweight Championship Fight Program*, a television program including the titled fight plus undercard bouts and fight commentary (the "Program") was broadcast. Plaintiff alleges that it paid for and was granted exclusive nationwide television rights to the Program, and plaintiff expended substantial sums to market, advertise, promote, administer and transmit the Program to customers nationwide, including in Oklahoma. (*Id.*, ¶ 9-10). The Complaint further states that the defendant and/or her agents knowingly and unlawfully intercepted, published, divulged and exhibited the Program at the time of its transmission at defendant's commercial establishment in Tulsa, Oklahoma, and that their actions were in violation of 47 U.S.C. § 605 *et seq.* (*Id.*, ¶ 13).

The Clerk of Court granted plaintiff's Motion for Entry of Default against defendant Christina Miranda on November 10, 2016. (Doc. 14). Plaintiff then moved for default judgment, requesting a judgment in its favor, in addition to attorneys' fees and costs. (Docs. 15, 16).

Plaintiff seeks maximum statutory damages against defendant under 47 U.S.C. § 605(e)(3)(C)(i)(II), which provides that an aggrieved party "may recover an award of statutory damages for each [unauthorized publication of an intercepted broadcast] in a sum of not less than $1,000 or more than $10,000, as the court considers just . . . . " In addition, plaintiff seeks maximum enhanced damages against defendant pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), which states that "in any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation." In sum, plaintiff requests $110,000 in statutory damages against defendant and also seeks attorneys' fees in the amount of $1,410.00 and costs in the amount of $560.59.

In support of its request for maximum statutory and enhanced damages, plaintiff has submitted the affidavit of its President, Joseph M. Gagliardi (Doc. 16, Ex. 1) and the affidavit of investigator Jasem Nassif (*id.*, Ex. 2). Nassif witnessed the pirated exhibition of the Program at La Revancha Bar at 11:26 p.m. on April 12, 2014. At that time, Nassif counted approximately 52 patrons at La Revancha. (*Id.*). He observed the Program was displayed on three television screens. (*Id.*) Nassif saw "HBO PPV" displayed on the bottom right corner of one of the television screens. (*Id.*). Nassif did not see any advertisements or promotions at La Revancha on the night of the event, but reports that two days later, he saw a handwritten advertisement for the Program on the door. (*Id.*). Nassif noted that the door had been open on the night of April 12. According

to the Rate Card for the Program, the minimum fee to broadcast the Program in an establishment with a capacity of up to 100 people was $2,200. (Doc. 16, Ex. 1).

Plaintiff argues that an award of maximum statutory and enhanced damages is appropriate in this case. (Doc. 16 at 10-14). However, judges in this district have routinely declined to award the maximum statutory and enhanced damages. *See, e.g.*, *J & J Sports Prods., Inc. v. Rivas*, 10-CV-760-GKF-TLW (N.D. Okla. Aug. 16, 2012) (awarding $2,500 in statutory damages and $2,500 in enhanced damages); *J & J Sports Prods., Inc. v. Samano*, 13-CV-721-GKF-FHM (N.D. Okla. May 5, 2014) (awarding $2,500 in statutory damages and $3,000 in enhanced damages); *J & J Sports Prods., Inc. v. Ramirez*, 14-CV-38-GKF-TLW (N.D. Okla. July 2, 2014) (awarding $3,000 in statutory damages and $2,500 in enhanced damages).

The reasoning in *Joe Hand Promotions, Inc. v. John M. McLemore*, 10-CV-772-CVE-TLW (N.D. Okla. Sept. 26, 2011) is instructive. In that case, the establishment had a capacity of 70; the sublicense fee would have been $875; no cover fee was charged; the event was broadcast on three television screens; and the plaintiff's investigator counted 84 people at the establishment. *Id*. at 3. Based on these facts, United States District Judge Claire V. Eagan declined to award the requested maximum statutory and enhanced damages and instead awarded the plaintiff $2,500 in statutory damages and $2,500 in enhanced damages. *Id.* at 3-4. This amount, the court reasoned, was sufficient to both "compensate the plaintiff for any fee that should have [been] paid by the defendants," and to "sufficient[ly] punish defendants for the illegal conduct and deter future violations." *Id.*

This Court most recently awarded $5,000 in statutory damages and $10,000 in enhanced damages in *J & J Sports Prods. Inc., v. Martinez*, 16-CV-573-JED-FHM (N.D. Okla. Jan. 25, 2017). There, the event was broadcast on two television screens, patrons were charged a $5 cover

fee, and the investigator reported a crowd of between 29 and 31 people at the establishment. (Doc. 15 at 5). This Court found the same damages award to be appropriate in a case where patrons were charged a $10 cover fee, the program was broadcast on two television screens, and there were approximately 10 people present at the establishment. *See J & J Sports Prods. Inc. v. Cordoba*, 16-CV-184-JED (N.D. Okla. Oct. 25, 2016).

Having compared the uncontested facts presented in this case with those in the cases cited above, the Court finds that an award of $5,000.00 in statutory damages pursuant to § 605(e)(3)(C)(i)(II) and $7,500.00 in enhanced damages pursuant to § 605(e)(3)(C)(ii) will adequately and justly compensate the plaintiff for any fee that should have been paid by defendant and will sufficiently deter future similar violations.

Under 45 U.S.C. § 605(e)(3)(B)(iii), the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." The Court has considered plaintiff's attorneys' fees and costs submissions (Doc. 15, Ex. 3; Doc. 15, Ex. 4) and finds that the requested amounts—$1,410.00 for attorneys' fees and $560.59 for costs—are reasonable and appropriate in light of the work expended as indicated by the filings of record.

IT IS THEREFORE ORDERED that plaintiff's Motion for Default Judgment and Brief in Support (Docs. 15, 16) are **granted in part and denied in part**. The Court finds that damages totaling $12,750.00, along with $1,410.00 in attorneys' fees and $560.59 in costs, is an appropriate amount to award under the applicable statutes and circumstances.

DATED this 12th day of May, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE